STATE *vs.* ISADORE TITLEMAN.

1. GAMING—KEEPING POKER TABLE AT RESIDENCE IS AN OFFENSE.
   If accused violated *Rev. Code* 1915, § 3568, as charged, by keeping a poker table, the fact that he kept it at his residence, at which social games may have been played, is of no consequence.

2. GAMING—PLAYING SOCIAL GAMES AT RESIDENCE NOT A VIOLATION OF STATUTES.
   If accused only permitted a social game of poker to be played at his residence, he would not be guilty of keeping a gaming table, in violation of *Rev. Code* 1915, § 3568.

3. GAMING—TO "KEEP" OR "EXHIBIT" TABLE AN OFFENSE.
   *Rev. Code* 1915, § 3568, does not prohibit gambling, but it does prohibit the keeping or exhibiting of a table for gambling purposes; "keep" or "exhibit," as used in the statute, meaning to control, to carry on, or to display.

4. GAMING—WHAT CONSTITUTES KEEPING OR EXHIBITING OF TABLE.
   The display or maintenance of a gambling table by one having authority over it, and the invitation or permission of the one having control over it to use the table for gambling purposes, constitutes a keeping or exhibiting, within the meaning of *Rev. Code* 1915, § 3568.

5. GAMING—KEEPER OF TABLE GUILTY THOUGH NOT PARTICIPATING IN GAME.
   To support an indictment under *Rev. Code* 1915, § 3568, it is not necessary that person charged with keeping or exhibiting a table for gambling purposes should be an actual player in the game.

(*November* 19, 1920.)

BOYCE and RICE, J. J., sitting.

*David J. Reinhardt*, Attorney-General, and *P. Warren Green*, Deputy Attorney-General, for the State.

*J. Frank Ball* for defendant.

Court of General Sessions, New Castle County, November Term, 1918.

INDICTMENT No. 36, November Term, 1918.

Isadore Titleman was indicted for keeping a gaming table under *section* 3568, *Rev. Code* 1915. Verdict guilty.

Evidence was introduced on the part of the state to the effect that a game of stud poker was played in a room in the house of the defendant, upon a table belonging to defendant; that the game was played for money and that the defendant shared in the winnings. The defense was that merely a social game was played among friends at the home of the defendant and that no money

accrued to the defendant, the owner of the table, for the use of the table.

The state prayed the court to charge the jury upon the law as in *State v. Morris*, 5 *Boyce* 226, 91 *Atl.* 998, and *State v. Panaro*, 5 *Boyce* 230, 91 *Atl.* 1000.

The only prayer for the defendant appears in the charge of the court.

RICE, J., charging the jury:—In this indictment there are four counts. In substance the state charges: First, that the accused in Wilmington hundred on the seventh day of September last, did unlawfully exhibit a certain table at which a game of chance called poker was played with cards for money; second that he on the same day was unlawfully concerned in interest in exhibiting a certain table at which a game of chance called poker was played with cards for money; third ,that on divers days between the first day of April and the twenty-fifth day of September he did unlawfully keep a certain table at which the game was played as stated; fourth, that on divers days between the first day of April and the twenty-fifth day of September he unlawfully did exhibit a certain table at which poker, a game of chance, was played, etc.

The statute under which the indictment is found is section 3568, Rev. Code 1915, and provides,

"Whoever shall keep or exhibit a gaming table, faro bank, sweat cloth, roulet table, or other device under any denomination, at which cards, dice or any other game of chance is played for money, or other thing of value or shall be a partner or concerned in interest in the keeping or exhibiting such table, bank, sweat cloth, or other device, shall be deemed guilty of a misdemeanor," etc.

If you believe the evidence warrants such a finding you may find the defendant guilty in any or all of the counts of the indictment.

Counsel for the defendant requests the court to charge you in the following language:

"If the jury should believe that this game of poker was played in a room in a part of the dwelling house, among the friends of this defendant, and was merely a social game among friends, and no money accruing to the owner of the table for the use of the table, it would not be a keeping of a gaming table or the exhibiting of a gaming table within the provisions of the statute."

[1]　The court must decline to charge you in the language of this prayer, as we believe the law applicable to this case is such as we are about to state it to be. Whether a person charged with keeping, exhibiting or with being concerned in interest in keeping or exhibiting, a gaming table, is guilty or innocent of the offense charged depends upon all the facts and circumstances surrounding the display of the table and its use for gambling purposes, as the same may appear from the evidence. The question is whether the accused did keep or exhibit a gaming table, or was concerned in interest in keeping or exhibiting such a table as charged in the indictment. If the accused did violate the statute, as charged, by keeping a gaming table, the fact that he kept it at his place of residence at which social games may have been played is of no consequence..

[2]　If the accused did not keep or exhibit such table as he is charged with having, and he only permitted a social game to be played at his residence, then your verdict should be not guilty.

It is your duty to determine the guilt or innocence of the accused from the evidence you have heard in the case, taken in connection with the law as the court states it to you, and you should not be influenced by any views you may entertain with regard to the propriety or impropriety of the statute under which the indictment is found.

The defendant does not deny that he played a game or games of chance with cards for money on the table in question, but he does deny that he kept or exhibited the table, or was concerned in interest in exhibiting the table, in violation of the provisions of the statute as charged in the indictment.

[3, 4]　The statute does not prohibit gambling, but it does prohibit the keeping or exhibiting a table for gambling purposes. The words "keep" or "exhibit" as used in the statute have no technical meaning. They mean to maintain, to control, to carry on, to display. The display or maintenance of such a table by one having authority over it, and the invitation or permission of the one having control of it to use the table for gambling purposes, constitute a keeping and exhibiting within the meaning of the law. *State v. Panaro*, 5 *Boyce* 230, 91 *Atl.* 1000.

Verdict.

Games of chance with cards are not apt to be played for money in public places, or places where the public generally have access, and the display or maintenance of a table under circumstances where knowing persons, by invitation or permission of the one in control of it, use the table for gambling purposes, would be a keeping or exhibiting within the terms of the statute and a violation of the law.

[5]   To support an indictment of this kind it is not necessary that the person charged with keeping or exhibiting the table for gambling purposes should be an actual player in the game, for it is sufficient if he should keep or exhibit, or be concerned in interest in keeping or exhibiting, the table to be so used.   And if a person charged with being concerned in interest in exhibiting a gaming table, when games of chance are played for money, should either directly or indirectly be paid for permitting the use of the table for such purposes he would be a violator of the law.

If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of the offense charged in any or all of the counts of the indictment, your verdict should be guilty; but, if you believe that he did not commit any offense as charged in the indictment, your verdict should be not guilty

Verdict guilty.